**Charles HERBST, Petitioner–Appellant,**

v.

**Stanley KNIGHT, Respondent–Appellee.**

No. 03–3475.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 22, 2003.\*

Decided Jan. 6, 2004.

---

\* After an examination of the briefs and the record, we have concluded that oral argu-

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

Fed. R.App. P. 34(a)(2).

Charles Herbst, pro se, Bunker Hill, IN, for Petitioner–Appellant.

Monika Prekopa Talbot, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

A Conduct Adjustment Board ("CAB") found Indiana inmate Charlie Herbst guilty of battery for hitting a prison guard and sanctioned him with the loss of 180 days' earned credit time. After exhausting his administrative remedies; Herbst petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. He alleged that prison officials denied him due process by excessively delaying his disciplinary hearing in violation of prison policy, by denying his request to watch a videotape recorded by a nearby camera that may have captured his altercation with the guard, and by relying on insufficient evidence to convict him. He also alleged that prison officials subjected him to double jeopardy by holding two hearings on the same charge, although he has not argued that he was punished twice for the same offense. The district court denied his petition, and we affirm.

According to the conduct report prepared by the guard he hit, Herbst had been involved in a fight in the recreation yard on October 20, 2002. On that day guards had handcuffed Herbst and returned him to his cell. After shutting his cell, one of the guards attempted to reach through the cell bars to remove Herbst's cuffs, but Herbst "violently pulled" the guard's hand through the cell bars, "causing [the guard's] right hand [to] become injured." According to the conduct report, when the guard entered the cell to attempt to remove Herbst's cuffs, Herbst became "even more irate" and began "jerking around causing a knee injury [to the guard]." Other guards eventually responded to the altercation in Herbst's cell and brought him under control.

The CAB held two hearings on the charge against Herbst. At the first, held on October 25, the CAB found him guilty of physically restraining a guard and sanctioned him with the loss of 180 days' earned credit time. Herbst appealed the decision to the warden because the CAB failed to consider evidence from one of his witnesses, fellow inmate Lehiy. In response, the warden notified Herbst by letter on October 28 that he was setting aside the CAB's decision and ordering a rehearing. At the rehearing on November 22, Herbst declined to offer any statement from Lehiy "because he didn't say nothing to begin with," and was again found guilty–this time of battery–and sanctioned with the loss of 180 days' earned credit time.

Because Herbst lost good time credits, he was entitled to due process safeguards during the disciplinary process. See Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process requires at least 24 hours' notice of the charge, an opportunity to present a defense to an impartial decision-maker, a written explanation of the fact-finder's decision, and some evidence to support the decision. Id. at 563–66, 94 S.Ct. 2963; Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir.2003).

Herbst first challenges the district court's determination that the conduct report prepared by the guard he hit was "some evidence" supporting the CAB's decision. Herbst is wrong. A prison conduct report, even standing alone, satisfies

the meager "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). The CAB stated that it based its decision not only the conduct report but also upon witness statements from the guards involved in the altercation with Herbst. The decision therefore rested upon "some evidence" and the district court correctly concluded that it comported with due process.

Next, Herbst contends that the district court erred when it concluded that an inmate "challenging a prison disciplinary proceeding apparently does not have a constitutional right to see any video of relevant incidents." Due process requires that prisons let inmates view videotapes when the tapes are potentially exculpatory, unless allowing the inmate to view the evidence would jeopardize prison security. *Piggie*, 344 F.3d at 678–79. Although Herbst's request to watch the videotape was denied, the CAB did watch it but decided that it was irrelevant because it did not capture Herbst's altercation with the guard. Because the tape was "irrelevant," Herbst was not entitled to see it. *See id.* at 679.

Herbst also argues that the prison denied him due process when it failed to "screen" him (let him identify the witnesses and evidence he wanted to use at his disciplinary hearing) within 7 days of his alleged infraction, as required by prison policy. Herbst contends that the district court erred by concluding that any violation of the prison's internal policies for handling disciplinary hearings is a matter of state, not federal constitutional, law. But he offered no evidence that the delay violated any of the rights guaranteed by the due process clause, such as the right to timely notice of the charge against him, the chance to defend himself, an impartial decision-maker, and a written explanation supported by some evidence. *See id.* at 677. While the prison's delay may have violated its own policies, Herbst did not show that it violated the due process clause.

Finally, Herbst argues that prison officials violated the double jeopardy clause of the Fifth Amendment by subjecting him twice to hearings on the same battery charge. He forfeited this argument by not raising it first before the district court. *See McCann v. Mangialardi*, 337 F.3d 782, 786–87 (7th Cir.2003). In any event, prison disciplinary proceedings do not implicate the double jeopardy clause. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir.1996).

AFFIRMED.